# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1408 | **DATE** | 6/27/2001 |
| **CASE TITLE** | Gerald Adams vs. Donald Schlyer, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly the Schlyer Rule 12(b)(6) motion is denied. But Schlyer is ordered to answer only FAC Counts I and II (the other two counts amounting to needless surplusage) by a filing in this Court's chambers on or before July 6, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JUN 28 2001 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 21 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | COPY TO JUDGE FOR DOCKETING | 6/27/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | 01 JUN 27 PM 1:58 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD ADAMS, et al., )
)
        Plaintiffs, )
)
v. )  No. 01 C 1408
)
)
DONALD E. SCHLYER, et al., )
)
        Defendants. )

**DOCKETED**
**JUN 2 8 2001**

## MEMORANDUM OPINION AND ORDER

This litigation between Gerald Adams and Tri-Central Marine Terminal, Inc. ("Adams," treated for convenience as a collective singular noun) and Adams' former lawyers (collectively referred to as "Schlyer," also used as a singular noun) was originally removed to this District Court from the Circuit Court of Cook County (federal jurisdiction is premised on diversity-of-citizenship grounds). Although this Court has expressed its disinclination to move this case forward with its usual expedition, given the pendency of an earlier action filed by Schlyer against Adams in Indiana (an action in which Adams' current claim here constitutes a compulsory counterclaim), Schlyer has filed a motion to dismiss the First Amended Complaint ("FAC") and Adams has responded to that motion. Because the motion is therefore ripe for decision, this opinion will address it despite the priority of the Indiana action.

Some of the matters that Adams has advanced in response to the Fed. R. Civ. P. ("Rule") 12(b)(6) motion are persuasive,

while others are not.[1] In any event, because of the relationship between this action and the earlier-filed Indiana lawsuit, no extensive discussion will be engaged in here.

In principal part Schlyer urges that Adams' action is barred by Illinois' voluntary payment doctrine, as exemplified in such decisions as Freund v. Avis Rent-A-Car Sys., Inc., 114 Ill.2d 73, 79, 499 N.E.2d 473, 475 (1986). But although Schlyer cites a case that addresses the doctrine in the context of attorneys' fees (Arra v. First State Bank & Trust Co., 250 Ill.App.3d 403, 621 N.E.2d 128 (1st Dist. 1993)), that case did not involve a dispute between lawyer and client as does this one.[2] Instead, Illinois caselaw teaches that a client's payment of fees does not bar a later attack based on the fiduciary nature of the attorney-client relationship (see, e.g., Coughlin v. SeRine, 154 Ill.App.3d 510, 507 N.E.2d 505 (1st Dist. 1987)).

That alone is enough to keep the FAC alive and thus to keep Adams in court. It is of no ultimate moment that Adams also seeks to have the implied duty of good faith and fair dealing

---

[1] Some evidence of careless lawyering, for example, is evidenced in FAC ¶12, which actually alleges that Adams was Schlyer's fiduciary, rather than the other way around. This opinion will credit what was obviously intended to have been said, rather than the actual allegation.

[2] Arra dealt with a mortgagee's recovery of its own attorney's fees from its mortgagor in conjunction with a foreclosure. That did not of course pose the fiduciary-relationship situation involved here.

2

(FAC Count I ¶15(e)) carry more weight than it can reasonably bear (see, e.g., Voyles v. Sandia Mtg. Corp., No. 89201, 2001 WL 549486, at *5 (Ill. May 24) and Brooklyn Bagel Boys, Inc. v. Earthgrains Refrigerated Dough Prods., Inc., 212 F.3d 373, 381 (7th Cir. 2000)). Nor is it a fatal flaw that it makes no sense for FAC Count IV to speak in terms of a constructive trust, for that doctrine simply doesn't fit the scenario here.

Accordingly the Schlyer Rule 12(b)(6) motion is denied. But Schlyer is ordered to answer only FAC Counts I and II (the other two counts amounting to needless surplusage) by a filing in this Court's chambers on or before July 6, 2001.[3]

                              /s/ Milton I. Shadur
                              Milton I. Shadur
                              Senior United States District Judge

Date: June 26, 2001

---

[3] No attempt is made here to specify further flaws in the FAC, the bulk of which stem from the principle that its separation into counts that state differing theories of liability is essentially at odds with the federal pleading's concept of a "claim" (see, e.g., Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992) and cases that reiterate the teaching there). Suffice it to say that all that is necessary to survive a Rule 12(b)(6) motion is what is taught by Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and Counts I and II do the job in that respect.

3