# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1408 | **DATE** | 8/6/2001 |
| **CASE TITLE** | Gerald Adams, et al. Vs. Donald e. Schlyer et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because the proffered pleading is deficient in a couple of respects, this memorandum opinion and order is issued sua sponte to require curative action on plaintiffs' part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 7 2001 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail A 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 AUG -6 PM 5: 07 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD ADAMS, et al., )
)
            Plaintiffs, )
)
v. )   No.  01 C 1408
)
)
DONALD E. SCHLYER, et al., )
)
            Defendants. )

DOCKETED
AUG 0 7 2001

## MEMORANDUM OPINION AND ORDER

Counsel for plaintiffs Gerald Adams and Tri-Central Marine Terminal, Inc. have filed their Answer and Affirmative Defenses to the Counterclaim brought against them by defendants (collectively referred to for convenience as "Schlyer," treated as a singular noun). Because the proffered pleading is deficient in a couple of respects, this memorandum opinion and order is issued sua sponte to require curative action on plaintiffs' part.

It appears that plaintiffs' counsel are not sufficiently attentive to the rules governing federal pleading, for they had also contemporaneously delivered for filing a separate set of Answers to Schlyer's Affirmative Defenses to Plaintiffs' First Amended Complaint. Because such a filing is flatly prohibited by Fed. R. Civ. P. ("Rule") 7(a), this Court intercepted that proffered filing and discarded it with the permission of plaintiffs' counsel, thus avoiding needless clutter in the court file.

As for the pleading now at issue, Counterclaim Answer ¶2

fails to respond directly to Schlyer's allegations about the promissory note referred to in Counterclaim ¶2 by stating that plaintiffs "deny the remaining averments in paragraph 2 as the document set forth therein speaks for itself." That won't do--see App. ¶3 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Accordingly Counterclaim Answer ¶2 is stricken, albeit with leave to file an amendment in this Court's chambers (with a copy of course delivered to Schlyer's counsel) on or before August 17, 2001, failing which Counterclaim ¶2 will be deemed admitted.

All of the remaining problems with the pleading at issue relate to its several Affirmative Defenses ("ADs"). In those respects:

1. AD 1 asserts an accord and satisfaction, stating that plaintiffs have paid all amounts due under the promissory note sued upon in the Counterclaim. That is factually at odds with Counterclaim ¶3, so plaintiffs must flesh out that AD to explain the predicate for their assertion.

2. AD 2 purports to state a laches defense. Although laches is a permissible AD under Rule 8(c), again it will not do for plaintiffs to advance such a conclusory assertion without an explanation that sufficiently notifies Schlyer and this Court of the ground on which it rests.

3. AD 3 charges Schlyer's breach of "the duty of good faith and fair dealing" in connection with the promissory note referred to earlier, by assertedly making excessive charges for the legal fees "reflected in the note." That "good faith and fair dealing" concept really has no place in connection with a suit on a promissory note for a liquidated amount. AD 3 is stricken.

4. AD 4 says that Schlyer has failed to mitigate its damages. Any such notion is equally mysterious in conjunction with claims on an unpaid note and for legal services, and it too is stricken.

To the extent that plaintiffs' counsel believe that any part or all of the ADs are capable of resuscitation, revised versions may be included in the amendment referred to earlier in this opinion. If not, all of the ADs will remain stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 6, 2001